**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HEATH ZACHARY | : | |
| | : | |
| Appellant | : | No. 15 MDA 2025 |

Appeal from the PCRA Order Entered November 21, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004128-2017

BEFORE: LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY OLSON, J.: **FILED: OCTOBER 7, 2025**

Appellant, Heath Zachary, appeals *pro se* from the order entered on November 21, 2024, dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We briefly summarize the facts and procedural history of this case as follows. In June 2017, Appellant and a cohort targeted a female victim at a bar in Harrisburg, Pennsylvania, followed her outside, inflicted serious bodily injury to her face, and stole her purse. Following a trial in September 2018, a jury convicted Appellant of aggravated assault, robbery, and two counts of conspiracy.[1] On November 15, 2018, the trial court imposed an aggregate sentence of 72 to 144 months of incarceration. We affirmed Appellant's

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 3701(a)(1), and 903, respectively.

J-S26028-25

judgment of sentence on October 28, 2019. *See Commonwealth v. Zachary*, 2019 WL 5549309 (Pa. Super. 2019) (non-precedential decision). Appellant did not seek further review. As such, his judgment of sentence became final 30 days later on November 27, 2019. *See* 42 Pa.C.S.A. § 9545(b)(3) (judgment becomes final at conclusion of direct review, including discretionary review in U.S. Supreme Court and Supreme Court of Pennsylvania, or at expiration of time for seeking such review"). Appellant filed a *pro se* PCRA petition in November 2019.[2] On August 35, 2020, the PCRA court entered an order dismissing Appellant's first PCRA petition. Appellant did not seek further review.

On September 28, 2023, Appellant filed the *pro se* PCRA petition which is currently at issue. After the grant of an extension, Appellant filed an amended PCRA petition on October 21, 2024. The PCRA court dismissed the petition as untimely on November 21, 2024. This timely *pro se* appeal resulted.[3]

On appeal, Appellant asserts that the PCRA court erred by dismissing his most recent PCRA petition as untimely wherein he alleged newly

_____

[2] The PCRA court appointed counsel to represent Appellant on March 12, 2020. On July 15, 2020, counsel filed a petition to withdraw and letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On July 15, 2020, the PCRA court issued an order giving Appellant notice that it intended to dismiss his PCRA petition pursuant to Pa.R.Crim.P. 907. Appellant did not respond.

[3] Appellant filed a notice of appeal on December 23, 2024. On February 20, 2025, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a).

- 2 -

discovered facts and/or governmental interference after he discovered certain trial transcripts were missing from the certified record. *See* Appellant's *Pro Se* Brief at 1. Appellant argues that the Commonwealth filed trial transcripts in 2022 and that those notes of testimony "only contained trial testimony but not arguments [by counsel] or jury instructions and not the jury selection transcript." *Id.* at 3. Appellant alleges that he ordered the transcripts from jury selection in July 2023. *Id.* at 4. He further claims that, on September 5, 2023, he ordered the transcripts from the opening and closing arguments of counsel and the trial court's jury instructions. *Id.* More specifically, Appellant maintains that he needed those transcripts to prove that Commonwealth "misstated the testimony presented and referred to [Appellant] as 'the enforcer'" during closing argument and that defense counsel failed to object to the jury instruction regarding accomplice liability. *Id.* at 4-5. Appellant claims that he "was informed of the contents of the previously unknown closing arguments and the judge's charge to the jury when [he] obtained a copy of the closing arguments and charge to the jury [in] September, 2023[.]" *Id.* at 5.

"On appeal from the denial or grant of relief under the PCRA, our review is limited to determining whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Hereford*, 334 A.3d 903, 907 (Pa. Super. 2025) (internal citation and quotations omitted). "The PCRA court's credibility determinations, when supported by the record, are binding

on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Id.*** at 910 (citation omitted).

This Court has held:

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must file his petition within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

This Court has explained:

> [The newly-discovered facts exception] requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests; a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence.

*Commonwealth v. Sanchez*, 204 A.3d 524, 526 (Pa. Super. 2019).

> To prove governmental interference, a petitioner must show that the alleged interference violated the United States or Pennsylvania Constitution or laws. *Commonwealth v. Albrecht*, 606 Pa. 64, 70, 994 A.2d 1091, 1095 (2010). The failure to do so results in an insufficiently developed claim, which results in waiver. *See id.*

*Commonwealth v. Mitchell*, 332 A.3d 1228 (Pa. Super. Ct. 2024) (non-precedential decision).[4]

Here, as set forth above, Appellant's judgment of sentence became final on November 27, 2019. Appellant had one year from that date, or until November 27, 2020, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). His current PCRA petition, filed on September 28, 2023, is patently untimely. Appellant therefore attempts to invoke the government interference and newly-discovered facts exceptions to the PCRA's one-year jurisdictional time-bar. Appellant essentially argues that he has been unable to obtain meaningful review of his allegations of trial error due to missing transcripts.

---

[4]  Non-precedential decisions of this Court filed after May 1, 2019, may be cited for their persuasive value. *See* Pa.R.A.P. 126(b).

We have previously determined:

"In general, it is an appellant's burden to ensure that the certified record contains the documents reflecting the facts needed for review." **Commonwealth v. Wrecks**, 931 A.2d 717, 722 (Pa. Super. 2007). The Rules of Appellate Procedure require an appellant to order and pay for any necessary transcripts, and if he does not follow the requirements of Pa.R.A.P. 1911 when requesting those transcripts, he risks waiver of any claim regarding them. **Commonwealth v. Preston**, 904 A.2d 1, 7-8 (Pa. Super. 2006) (*en banc*).

* * *

Our Supreme Court has instructed that when an appellant "faults the trial court," and "suggests that there is some obligation to 'provide' a 'complete' record in the abstract, that obviously is not the case. Rather, the appellant has a duty to frame what is needed." **Commonwealth v. Lesko**, 15 A.3d 345, 410 (Pa. 2011) (holding that it was the appellant's duty to ensure the specific notes regarding jury selection were included in the certified record for appeal). **See In re Estate of Renninger**, 2024 WL 1326687 (Pa. Super. 2024) (unpublished memorandum) (relying on **Lesko** to find waiver where specific notes of testimony were not included in the certified record). Our Supreme Court has explained:

> The plain terms of the Rules contemplate that the parties, who are in the best position to know what they actually need for appeal, are responsible to take affirmative actions to secure transcripts and other parts of the record. **See**, **e.g.**, **Commonwealth v. Steward**, 775 A.2d 819, 833 (Pa. Super. 2001) (noting that it was not the responsibility of the trial court to order the [] transcript of defense counsel's closing as Rule 1911 "makes it abundantly plain that it is the responsibility of the [a]ppellant to order all transcripts necessary to the disposition of his appeal."). [An appellant] cannot fault the trial court for his own failures. Instead, it is only when an appellant can show that a request was made and erroneously denied ... that such a claim would have merit.

* * *

> Moreover, even when notes of testimony are properly ordered, the absence of notes does not generate some instantaneous, meritorious claim for relief. Instead, if the initially missing notes matter, it becomes a circumstance the appellant or his counsel needs to respond to by, for example, ordering notes counsel failed to order earlier; or seeking an order of court to have ordered notes promptly transcribed, or otherwise made available; or, where notes cannot be secured, to take steps to have an equivalent picture of the proceeding generated. *See* Pa.R.A.P. 1911(a); Pa.R.A.P. 1923 (statement in the absence of transcript); Pa.R.A.P. 1924 (agreed upon statement of the record).

*Mitchell*, 332 A.3d 1228 , at *3-4.

In this case, Appellant was present at trial and, therefore, witnessed opening and closing statements by counsel and listened to the trial court's instructions to the jury. Thus, Appellant was aware that certain transcripts had been generated, if not filed. Appellant's failure to secure these materials earlier represents a failure to exercise due diligence in obtaining existing trial records essential to his claims. As such, Appellant failed to establish the newly discovered fact exception to the PCRA.

Appellant has also not explained how the absence of the transcripts was the result of a government official's violation of Pennsylvania law or the laws of the United States. It was Appellant's burden to ensure that the certified record contained the documents necessary for review. Moreover, even if trial counsel failed to order the transcripts, "[i]t is well-established that an allegation of ineffectiveness is, typically, not sufficient to overcome an otherwise untimely PCRA petition." *Commonwealth v. Branthafer*, 315 A.3d 113, 136 (Pa. Super. 2024), *citing*, *inter alia*, *Commonwealth v.*

- 7 -

***Robinson***, 139 A.3d 178, 186 (Pa. 2016) (stating that, couching a petitioner's claim in terms of ineffectiveness will not save an otherwise untimely petition under any one of the three exceptions enumerated in Section 9545(b)(1)). Thus, for all of the foregoing reasons, the PCRA court properly dismissed Appellant's PCRA petition as untimely. Accordingly, we affirm.

Finally, we note that, on June 16, 2025, Appellant filed an application with this Court to strike the Commonwealth's appellate brief. Appellant suggests that the Commonwealth failed to summarize its argument or provide citations to the record in contravention of our rules of appellate procedure. Upon review, however, we conclude that the Commonwealth's brief is in substantial compliance with our rules of procedure and our review was not hampered.

Order affirmed. Application to strike denied.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/07/2025